IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>APPROXIMATELY $693,522.14 IN FUNDS FROM ACCOUNT ENDING IN 8892 HELD IN THE NAME OF EMIRATES NBD AT JPMORGAN CHASE BANK,<br><br>　　　　Defendant.<br><br>FIRST REPUBLIC BANK, and EMIRATES NBD BANK,<br><br>　　　　Claimants. | ) Case No. 10-3374 SC<br>)<br>) ORDER RE: PLAINTIFF'S<br>) <u>MOTION FOR SUMMARY JUDGMENT</u><br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

　　　Plaintiff United States of America ("Plaintiff") commenced this <u>in rem</u> action, seeking forfeiture under 18 U.S.C. § 981(a)(1)(C) and (k) of $693,522.14 held in the name of Emirates NBD at JPMorgan Chase Bank. ECF No. 1 ("Compl."). Now Plaintiff has filed a Motion for Summary Judgment. ECF No. 29 ("Mot."). Plaintiff's Motion is unopposed, as Claimants First Republic Bank ("First Republic") and Emirates NBD Bank ("Emirates Bank") (collectively, "Claimants") have filed Statements of Non-Opposition. ECF Nos. 35, 36.

1     Plaintiff alleges that $693,522.14 was fraudulently
2 transferred by an unknown party from a First Republic bank account
3 held by California residents Stuart and Gina Peterson to an
4 Emirates Bank account held by Airman Trading FZE, a United Arab
5 Emirates entity.  Mot. at 1.  Specifically, Plaintiff alleges wire
6 fraud, 18 U.S.C. § 1343; bank fraud, id. § 1344; and identity
7 theft, id. § 1028(a).  Mot. at 1.  Plaintiff claims that under 18
8 U.S.C. § 981(k)(1)(A), forfeiture of $693,522.14 taken from
9 Emirates Bank's interbank account with JPMorgan Chase Bank, its
10 covered financial institution, is warranted.  Compl. ¶ 9.
11 Plaintiff has filed Proof of Service of the Motion and Complaint on
12 Claimants, as well as on potential claimants Airman Trading FZE and
13 Airman Trading, LLC -- neither of whom have participated in this
14 action.  ECF Nos. 9, 10, 32.
15     The parties ask the Court to issue a detailed eight-page order
16 granting Plaintiff's Motion and making a number of factual findings
17 based on the evidence submitted in support of the Motion.  ECF No.
18 34-1 ("Prop. Order").  Plaintiff claims that a detailed order is
19 required because Emirates Bank is a defendant in parallel
20 proceedings brought by Airman Trading FZE before a United Arab
21 Emirates ("UAE") tribunal, and may be subject to double liability
22 for the $693,522.14 if it is unable to prove fraud.  ECF No. 34.
23     Having reviewed the documents and evidence submitted, the
24 Court finds the detailed proposed order to be inappropriate and
25 unsupported by the record.  The Court would order summary judgment
26 for Plaintiff on the basis of non-opposition of Claimants, but the
27 Statements of Non-Opposition filed by Claimants appear to predicate
28 non-opposition on the Court's issuance of such a detailed order.

1      Accordingly, Claimants have ten (10) days to file amended
2 statements in which they unambiguously state their non-opposition
3 to Plaintiff's Motion for Summary Judgment.  Should they fail to do
4 so, the Court will deny Plaintiff's Motion.

6      IT IS SO ORDERED.

8      Dated: March 15, 2011                  *[signature: Samuel Conti]*
9                                        UNITED STATES DISTRICT JUDGE